**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| PATRICIA HORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:18-cv-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| ATRIA MANAGEMENT | ) | |
| COMPANY, LLC and THOMAS ALAIMO | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendants, Atria Management Company, LLC ("Atria") and Thomas Alaimo ("Alaimo"), hereby notice their removal of this action, which Plaintiff commenced against them in the Superior Court for the Commonwealth of Massachusetts, Essex County, captioned *Patricia Horgan v. Atria Management Company, LLC and Thomas Alaimo*, Civil Docket No. 1877CV00844 (the "State Court Action"), to the United States District Court for the District of Massachusetts.  The grounds for removal are as follows:

1. Plaintiff served her Complaint upon Atria and Alaimo via certified mail to Atria's principal place of business on July 2, 2018.

2. Defendants have attached hereto as Exhibit A copies of the Complaint and summons, which constitute all process, pleadings, and orders that Defendants received or of which they are aware.  <u>See</u> 28 U.S.C. § 1446(a).

3. This Court has subject matter jurisdiction over this action because this is a civil action in which complete diversity of citizenship exists between Plaintiff and Defendants, and

the amount in controversy exceeds $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

4.      This Court is the District Court of the United States for the district embracing the place where the State Court Action is pending and, accordingly, is the appropriate court for removal.  See 28 U.S.C. § 1441(a).

5.      According to the Complaint, and upon information and belief, Plaintiff Patricia Horgan is a citizen of the Commonwealth of Massachusetts, residing in Peabody, Essex County, Massachusetts.  (See Compl. ¶ 1.)

6.      Plaintiff was employed by Atria Management Company, LLC.    Atria Management Company, LLC is a limited liability company organized under the laws of Delaware.  As a limited liability company, Atria is a citizen of the state(s) of which its members are citizens.  See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006).  Atria Management Company, LLC's sole member is ASL Operating Company, LLC, which is also a limited liability company organized under the laws of the State of Delaware.  ASL Operating Company, LLC's sole member is Atria Senior Living, Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Louisville, Kentucky.  Thus, Atria Management Company, LLC's members are citizens and residents of Delaware; none of its members are citizens or residents of the Commonwealth of Massachusetts.

7.      Defendant, Thomas Alaimo, is an employee of Atria and was Plaintiff's supervisor during the relevant time period.  Alaimo is a resident and citizen of the Commonwealth of Kentucky.

8.    Diversity of citizenship existed between the parties at the time Plaintiff filed her Complaint and continues to exist to date.

9.    In the Complaint, Plaintiff claims that Atria and Alaimo discriminated against her on the basis of her age and gender, and then terminated her in retaliation for purportedly complaining about this alleged discrimination, in violation of Massachusetts G.L. c. 151B.  In conjunction with these causes of action, Plaintiff has indicated an intent to seek, among other things, front pay, back pay, emotional distress damages, punitive damages, costs and attorney's fees.  Based upon the types of damages Plaintiff seeks for her various claims, and upon information and belief, this matter satisfies the "amount in controversy" requirement in diversity of citizenship matters.[1]  See 28 U.S.C. § 1332(a).

10.    Pursuant to 28 U.S.C. § 1446 (b)(2)(A), all Defendants who have been properly joined and served consent to removal and join in this Notice of Removal.

11.    Defendants have filed this Notice of Removal within thirty days of receiving Plaintiff's Complaint "through service or otherwise," which occurred on July 2, 2018.  See 28 U.S.C. § 1446(b).

12.    Defendants filing a copy of this Notice of Removal in the State Court Action.  See 28 U.S.C. § 1446(d).

13.    Defendants will file a certified or attested copy of all records and proceedings and all docket entries filed in the State Court Action within 28 days.  See Loc. R. Civ. P. 81.1.

14.    By filing this Notice of Removal, Defendants do not waive any defenses available to it.

---

[1] By acknowledging this matter satisfies the "amount in controversy" requirement, Defendants in no way suggest or admit Plaintiff is entitled to any damages.  To the contrary, Plaintiff ultimately cannot prove her claims and, accordingly, is not entitled to any damages.

WHEREFORE, Atria respectfully requests that this matter proceed as an action properly removed to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Essex County.

Respectfully submitted,

ATRIA MANAGEMENT COMPANY, LLC and THOMAS ALAIMO

Dated: July 20, 2018                    By:  */s/ Jeffrey A. Fritz*

Jeffrey A. Fritz (BBO# 658195)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Telephone:  (617) 722-0044
Facsimile:  (617) 532-5899
Email:  jfritz@fisherphillips.com

COUNSEL FOR DEFENDANTS

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2018, a copy of the foregoing Notice of Removal was served via email and also U.S. First Class Mail, postage prepaid, to the following counsel of record listed below:

Timothy J. Perry
PERRY KRUMSIEK LLP
One Boston Place, Suite 2600
Boston, Massachusetts  02108
Telephone:  (617) 720-4300
Facsimile:  (617)720-4310
Email: tperry@pkdllp.com

COUNSEL FOR PLAINTIFF

/s/ Jeffrey A. Fritz
Jeffrey A. Fritz